IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACHEIN DEE NESTER o/b/o D.N.N. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2045 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                    February 12, 2008

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response and the reply thereto (Doc. No. 12 & 13), the court makes the following findings and conclusions:

      1.    On November 18, 2005, Stachein Dee Nester ("Nester"), on behalf of D.N.N., protectively filed for child supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of September 1, 2003.[1]  (Tr. 58-64, 83).  Throughout the administrative process, including an administrative hearing held on September 28, 2007 before an ALJ, Nester's claims were denied.  (Tr. 5-7; 13-24; 362-83).  Pursuant to 42 U.S.C. § 405(g), Nester filed her complaint in this court on May 7, 2008.

      2.    In his October 26, 2007 decision, the ALJ concluded, *inter alia*, that D.N.N. had severe attention deficit hyperactivity disorder ("ADHD") and severe asthma but that her impairments did not meet, medically equal or functionally equal an impairment.  (Tr. 16 Findings 3, 4, & 5).  Specifically, the ALJ found that D.N.N. had less than marked limitations in five of the six domains of functioning, and no limitation in the domain of Moving About and Manipulating Objects.  (19 ¶ 1 - 24 ¶ 3).[2]  Therefore, the ALJ concluded that D.N.N. was not disabled.  (Tr. 13 ¶ 4; 24 Finding 6).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)); <u>see</u> <u>also</u> <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 406 (3d Cir.

---

    [1] When the decision was filed, D.N.N. was eight years old.  (Tr. 16 Finding 1).

    [2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

    4. Nester raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  Upon due consideration of all of the arguments and evidence, I conclude that the ALJ committed legal and factual errors.  Thus, as discussed below, a remand is necessary.

    A. The hearing transcript in this case contains, exclusively, the testimony of three witnesses: Nester, D.N.N. and D.N.N.'s grandmother.  It is well established that in his or her decision, an ALJ must address the testimony of all witnesses.  Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000) (citing Van Horn v. Schweiker, 717 F.2d 871, 873 -874 (3d Cir. 1983)).  Moreover, the ALJ's decision must contain specific reasons "for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  S.S.R. 96-7p.  It is not sufficient to merely "make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"  Id.
In his decision, the ALJ briefly summarized some of the grandmother's testimony and then simply concluded that "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible." (Tr. 17 ¶¶ 3-5).  The ALJ completely failed to mention or analyze the testimony of Nester or D.N.N.  This credibility analysis is legally inadequate.  As a result, this case must be remanded so that the ALJ can properly analyze the testimony of all three of the witnesses, citing specific reasons for his credibility findings and utilizing the factors contained in 20 C.F.R. § 416.929(c)(3).

    B. In the decision, the ALJ rejected the findings of D.N.N.'s treating physician, Dr. John J. Thomas, in part because "there [was] nothing in the treatment notes to indicate that he ever treated the claimant." (Tr. 18 ¶ 6).  Thus, it is apparent that the ALJ did not consider Dr. Thomas to be a treating physician.  This conclusion is incorrect as there are several notes signed by Dr. Thomas in which he, *inter alia*, evaluated D.N.N, gave updates on her progress, and prescribed her various types and dosages of medication. (Tr. 256-57; 258-60; 346; 350-52).  In light of the fact that Dr. Thomas was, in fact, D.N.N.'s treating physician, on remand, the ALJ shall re-evaluate the weight given to Dr. Thomas' opinion and give an adequate explanation for his conclusion pursuant to the applicable regulations and case law.  See e.g. Brownawell v. Comm'r of Soc. Sec., — F.3d —, 2008 WL 5147953, *2-4 (3d Cir., Dec. 2, 2008).

    C. Nester contends that the ALJ failed to properly explain his reasons for concluding that D.N.N. had less than marked limitations in the domains of Acquiring and Using Information, Attending and Completing Tasks, and Interacting and Relating with Others.  Indeed, the ALJ's stated reasons for his conclusions are quite sparse, making the job of

evaluating whether his conclusions are supported by substantial evidence difficult. (Tr. 19 ¶ 6; 20 ¶ 5; 21 ¶ 5). The defendant attempts to rescue the ALJ by providing a rather detailed analysis of why the ALJ *could have* made these determinations. (Doc. No. 12, pp. 5-17). Unfortunately, I may not consider *post hoc* rationalizations but must evaluate only the reasons and conclusions offered by the ALJ. S.E.C. v. Chenery Corp., 332 U.S. 194, 196 (1947). On remand, the ALJ shall provide a more thorough examination of the evidence both supporting and contradicting his assessments in these three domains of functioning.

> D. Finally, Nester argues that although the ALJ found D.N.N.'s asthma severe, he failed to mention its impact on her functioning in any of the six domains, and especially in the domain of Health and Physical Well-Being. Arguably, when the ALJ mentioned in his discussion of the domain of Health and Physical Well-Being, that D.N.N. had complained of difficulty breathing, he was actually considering her asthma. (Tr. 24 ¶ 2). However, since this case must be remanded for other reasons, the ALJ shall take the opportunity to explicitly state how D.N.N's asthma, in combination with her other impairments, affects her functioning in the six domains.

> 5. As discussed above, because the ALJ made legal and factual errors in his decision, this case must be remanded in order for the ALJ to: analyze the testimony of all three of the witnesses, citing specific reasons for his credibility findings; re-evaluate the weight given to Dr. Thomas' opinion and give an adequate explanation for his conclusion; provide a more thorough examination of the evidence both supporting and contradicting his assessments in the domains of Acquiring and Using Information, Attending and Completing Tasks, and Interacting and Relating with Others; and explicitly state how D.N.N's asthma, in combination with her other impairments, affects her functioning in the six domains.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACHEIN DEE NESTER o/b/o D.N.N. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2045 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 12th day of February, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response and the reply thereto (Doc. No. 12 & 13), and having found after careful and independent consideration of the record that the Commissioner's determination was not legally sufficient, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

　　　　　　　　　　　　　　　　　　　　__S/ Lowell A. Reed, Jr._____
　　　　　　　　　　　　　　　　　　　　LOWELL A. REED, JR., Sr. J.